**Form to be used by a prisoner filing a civil rights complaint under THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

RECEIVED DEC 20 2024 U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA DEPUTY CLERK

Eddie Matthews #121890
(Full name of plaintiff, Prisoner Number)

Civil Action:

Vs. Warden E. Dustin Bickham; Msgt. Malik Haynes; Msgt. Jamison Davis; Msgt. James Pipitone; Lt. Corey Anderson; Capt. Lawrence Bredner; Major. Scott Duncan; Et. AL.

Judge

**Full Name of Defendant**

Magistrate Judge

## COMPLAINT

1. **Previous Lawsuits**:

    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes { } No {✓}

    B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.) N/A

    1. Parties to this previous lawsuit
        Plaintiff(s): N/A

        Defendant(s): N/A

    2. Court (if federal court, name the district; if state court, name the parish): N/A

    3. Docket number: N/A

    4. Name of judge to whom case assigned: N/A

1

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _N/A_

6. Date of filing lawsuit: _N/A_
7. Date of disposition: _N/A_

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
     Yes [ ]     No [✓]

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought. _N/A_

II.    Place of present confinement: _Dixon Correctional Institute, Jackson, LA_

A. Is there a prisoner grievance procedure in this institution?
     Yes [✓]     No [ ]

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
     Yes [✓]     No [ ]

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed: _D.C.I.-2023-1047 And D.C.I.-2023-1121_

2. What steps did you take? _First And Second Steps were Completed._

3. What was the result? _Denied At both 1st & 2nd steps_

D. If your answer is No, explain why not: _N/A_

2

**III.** Parties
(In Item A below, place you name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any)

A. Name of plaintiff (s): Eddie Matthews #121890
   Address P.O. Box 788, Jackson LA 70748
In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Malik Haynes is employed as Master Sargeant at Dixon Correctional Institute (DCI).

C. Additional Defendants: Jamison Davis - Master Sargeant at DCI; James Pipitone - Master Sargeant at DCI; Corey Anderson - Lieutenant at DCI; Lawrence Brenner - Captain at D.CI; Scott Duncan - Major at DCI; E. Dustin Bickham - Warden at DCI; Et. AL.

**IV.** Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes**. If you intend to allege a number of related claims. Number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)



See Attached

**V.**   Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits: _____

Monetary, Punitive And Compensatory Damages

**VI.**   Plaintiff's Declaration

(1). I, Eddie Matthews, understand that am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United states that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

(2). I, Eddie Matthews, understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

(3). I, Eddie Matthews, understand that if I am released or transferred, it is my responsibility to keep the court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 18th day of December, 2024.

Eddie Matthews #121890

_____
Signature of Plaintiff(s)

UNITED STATES DIST. COURT
MIDDLE DIST OF LOUISIANA

EDDIE MATTHEWS
(Plaintiff,)

Case No:

-V- WARDEN E. DUSTIN BICKHAM
MSGT. JAMISON DAVIS; MSGT.
MALIK HAYNES; MSGT. JAMES
PIPITONE; Lt. COREY ANDERSON;
CAPT. LAWRENCE BRENNER;
MAJOR SCOTT DUNCAN; Et AL
Sued in their individual and official capacities
(DEFENDANTS).

## COMPLAINT WITH Jury DEMAND

### I. Introduction

This is a civil rights action filed by Eddie Matthews, a state prisoner, for damages and injuctive relief under 12 U.SC 1983, alleging excessive use of force, denial of medical care, and retaliation in violation of the Eigth Amendment to the United States Constitution and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The plaintiff alleges the torts of assault and battery and negligence.

### II. JURISDICTION

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C sect. 1331(1) and 1343.

-1-

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C sect. 1367.

## III. PARTIES

3. The plaintiff, Eddie Matthews, was incarcerated at the Dixon Correctional Institute in Jackson, Louisiana (D.C.I) during the events discribed in this complaint.

4. Defendants Davis, Haynes, Pioitone, Anderson, Brenner and Duncan are sued in their individual and official capacities. All are correctional officers at D.C.I.

5. Defendant Bickham is the warden at D.C.I and is in charge of the supervision and discipline of all correctional staff at D.C.I. He is sued in his individual and official capacities.

6. All the defendants have acted and continue to act under color of state law at all times relevant to this complaint.

## IV. FACTS

7. On July 30, 2023, the plaintiff was confined to an Administrative lock-down cell on "A" tier, cell block 3, in cell number one at the Dixon Correctional Institute.

8. Between the times of 6:40 AM and 6:50 AM on July 30, 2023, plaintiff began experiencing severe chest pain on his left side. He also had shortness of

-2-

breath and symptons of heat exhaustion. As defendant Pipitone was making rounds on "A" tier during the times above, plaintiff stopped the defendant and he advised him of his medical condition and declared a self-emergency. Defendant Pipitone was also advised that Plaintiff suffers from a seizure disorder and hadn't been receiving any of his needed medications- blood pressure, seizure and a breathing inhaler - all prescribed and un-delivered to him for approximately two weeks.

9. Defendant Pipitone advised plaintiff that he would see to it that immediate medical attention would be obtained and he exited the tier.

10. At approximately 7:20 AM to 7:40 AM and still waiting on medical attention, plaintiff stopped defendant Anderson and advised him of the same things he told Pipitone and inquired into the reasons nobody summoned medical attention. Defendants Haynes, Davis, and Pipitone joined defendant Anderson in front of plaintiff's cell on "A" tier at which time Anderson advised plaintiff that he would seek medical assistance and all four officers then left the tier.

11. At approximately 9:00 AM to 9:15 AM and still waiting on medical attention on July 30, 2023, plaintiff's breathing became more difficult as did the chest pain.

12. Plaintiff began waiving a blue towel outside the food tray slot and started yelling that he needed help. Defendant Brenner appeared at plaintiff's cell door where he was advised of the emergency medical situation. Brenner stated "OK sure" and then left.

-3-

13. Between 9:20 AM and 9:35 AM, Haynes, Davis, Pipitone and Anderson came to plaintiff's cell door and told him to place his hands behind his back and hold out the food tray slot to be restrained. Plaintiff complied with the order and as the cell door opened and he was exiting the cell he had a seizure and dropped to the floor on the tier.

14. Instead of calling for medical assistance or immediately taking plaintiff to the infirmary, the the officers drug the plaintiff to the shower cell and threw him in such. The shower had no chair and was filthy and unsanitary after having been used by the inmates on A-tier. Plaintiff layed face down drifting in and out of consciousness for hours until finally being taken back to cell number one shortly before lunch was served.

15. At no time did the defendants seek medical assistance for plaintiff nor provide him with his prescribed medications on July 30, 2023. Plaintiff was subjected to severe pain, a seizure and injuries from being dragged on the tier floor by the defendants.

16. On August 2, 2023, plaintiff was in his cell on A-tier when the defendants Anderson, Haynes and Davis returned to work. At approximately 7:24 AM plaintiff was advised that the officers were going to conduct a shakedown of his cell.

-4-

17. Plaintiff complied with orders to be handcuffed from behind his back. When the cell door opened he advised the officers that he hadn't had his medication in over two weeks and asked could he sit down while his cell was being searched. Then abruptly Lt. Corey Anderson, Msgt. Malik Haynes and Msgt Jamison Davis grabbed each one of his arms and dragged his person to the shower while using excessive and unnecessary force.

18. Prior to being thrown into the shower head first. Lt. Anderson entered the shower. Upon being thrown into the shower Lt Anderson punched plaintiff several times in the right eye, then grabbed plaintiff's buttocks and stated with aggression "you my bitch now".

19. Without inquiring to medical about my asthma and breathing problems. Plaintiff was maced with a chemical agent and left on the shower floor as the defendants rifled through his personal belongings in cell one. This was done in retialation for his making sick call when the defendants were off work and for his informing rank and medical staff that he was denied medical treatment and drug on the floor on July 30, 2023

20. At no time was the plaintiff resisting, attempting to escape or fleeing and fighting with the defendants

-5-

when he was attacked while having his hands handcuffed behind his back.

21. Plaintiff made timely request for all camera footage to both the warden and D.B. court major for the video in the cell block from July 30, 2023 and August 2, 2023.

## INJURIES

22. Head
    Neck
    Back
    Chest
    Elbows
    Legs
    Temple

23. Under color of state and local law, the defendants violated plaintiff's 8th amendment right to be free from cruel and unusual punishment and the use of corporal punishment unnecessary and or excessive force by standing by and allowing the violation of rights/failure to protect and retaliation.

24. The defendant's conduct was extreme and outrageous and they acted in a manner that was in wanton or reckless disregard or with malice or wilfulness to cause injury and violate constitutional rights.

-6-

## DAMAGES

25. Plaintiff seeks damages including but not limited to the following:

a) Bodily injuries, pain and suffering - past, present and future;

b) Mental anguish and distress past present and future;

c) medical and pharmaceutical expense past, present and future.



EDDIE MATTHEWS #121890
DIXON CORR. INST. (U-2D-4)
P.O. BOX 788
JACKSON, LA. 70748-0788

CLERK OF COURT
United States Dist Court—
Middle Dist. of Louisiana
777 Florida St., Ste. 139
BATON Rouge, LA. 70801-1712

LEGAL MAIL



NOT CENSORED
NOT RESPONSIBLE
FOR CONTENTS
DEC 19 2024
DIXON CORRECTIONAL INSTITUTE
ALL MALE PRISON